JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHARLES COOPER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LOS ANGELES POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. CV 21-4129-FMO (AGR)<br><br>**ORDER OF DISMISSAL** |

　　　　Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint on May 14, 2021.  (Dkt. No. 1.)  On May 19, 2021, the court issued a Notice of Judge Assignment and Reference to a United States Magistrate Judge.  (Dkt. No. 4.)

　　　　The court's mail was returned as undeliverable by the postal service and filed on June 2, 2021.  (Dkt. No. 6.)

　　　　On October 19, 2021, the magistrate judge issued an Order to Show Cause ("OSC") on or before November 8, 2021, why this action should not be dismissed without prejudice for failure to prosecute.  (Dkt. No. 7.)  The OSC explained that Local Rule 41-6 requires that a Plaintiff proceeding pro se must keep the Court apprised of the Plaintiff's current address.  In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to

notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

The OSC notified Plaintiff that filing a Notice of Current Address on or before November 8, 2021, shall be deemed compliance with the OSC. The court warned that failure to respond to the OSC or file a notice of current address would result in dismissal for failure to prosecute. (*Id.* at 2.)

Plaintiff has failed to notify the court in writing of Plaintiff's current address. Plaintiff did not respond to the OSC or request an extension of time to do so within the time allowed.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to respond to the OSC and has failed to apprise the court of his current address. Plaintiff's conduct hinders the court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for further delay. *See Carey*, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to apprise the court of his current address or otherwise respond to an order of the court.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal. The court attempted to avoid dismissal by reminding Plaintiff to file a notice of change of address. Moreover, the court expressly warned Plaintiff that failure to comply may result in the dismissal of the action. Despite these warnings, Plaintiff has failed to fulfill his obligations. Given that Plaintiff has not file a notice of change of address and the court has no means of contacting Plaintiff, no lesser sanction is available. *See Carey*, 856 F.2d at 1441.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to prosecute. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

DATED: November 30, 2021

/s/
_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE